```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
AARON GEORGE STONE,
                                    :
                    Plaintiff,      : 07 Civ. 2826 (LTS)(THK)
                                    :
                                    :
       -against-                    :
                                    : REPORT AND
                                    : RECOMMENDATION
GLEN S. GOORD, et al.,              :
                                    :
                    Defendants.     :
------------------------------------X
```

**TO:** Hon. Laura T. Swain, United States District Judge.
**From:** Theodore H. Katz, United States Magistrate Judge.

This civil rights action was referred to this Court for general pretrial supervision. Presently before the Court is Defendants' motion to dismiss with prejudice the claims of Plaintiff Aaron Stone, pursuant to Rule 37 of the Federal Rules of Civil Procedure, for failure comply with discovery orders.

## BACKGROUND

Plaintiff, proceeding pro se, filed this action on April 9, 2007, claiming that Defendants Police Officer William Hinspeter and the Newburgh City Police Department violated Plaintiff's constitutional rights in the course of arresting him on January 8, 2007. Defendants' Answer was filed on June 14, 2007. Along with their Answer, Defendants served interrogatories and document requests on Plaintiff, which included requests for authorizations to secure Plaintiff's medical records. By letter dated August 17, 2007, Defendants advised the Court that they had received neither

objections nor responses to their discovery requests from Plaintiff. Accordingly, on August 17, 2007, the Court issued a Scheduling and Discovery Order that, inter alia, required Plaintiff to provide responses to Defendants' discovery requests by no later than September 10, 2007. (See Scheduling and Discovery Order, dated Aug. 17, 2007.) The Order specifically advised Plaintiff that failure to comply "may result in sanctions, including the dismissal of this action." (Id.)

By letter dated September 24, 2007, Defendants' counsel advised the Court that Plaintiff had not complied with the Court's August 17 Order, his having failed to provide any responses to the discovery requests. Defendants requested that the action be dismissed, pursuant to Rule 37 of the Federal Rules of Civil Procedure. As of this date, Plaintiff has not responded to Defendants' letter, although this Court's rules (of which Plaintiff was specifically apprised) require a response to a letter-request to the Court to be filed within five days of the request.

**DISCUSSION**

Rule 41(b) of the Federal Rules of Civil Procedure, provides that "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or any claim against the defendant." Fed. R. Civ. P. 41(b). Similarly, Rule 37 provides that where "a party fails to obey an order to provide or permit discovery . . . the

court in which the action is pending may make such orders in regard to the failure as are just [including] an order . . . dismissing the action or proceeding or any part thereof . . ." Fed. R. Civ. P. 37(b)(2)(c).

Dismissal of an action is a severe and drastic sanction which should be invoked sparingly to enforce a court's orders. See National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 96 S. Ct. 2778, reh'g denied, 429 U.S. 874, 97 S. Ct. 197 (1976); Valentin v. Dinkins, 121 F.3d 72, 75 (2d Cir. 1997); Salahuddin v. Harris, 782 F.2d 1127, 1132 (2d Cir. 1986). Nevertheless, dismissal is appropriate under Rule 37 when a party willfully disobeys court orders and fails to participate in discovery. See, e.g., Friends of Animals Inc. v. United States Surgical Corp., 131 F.3d 332, 334 (2d Cir. 1997) (affirming Rule 37 dismissal where there was willful disobedience of discovery order, warning of dismissal had been given, and abuse of discovery process showed no sign of abatement); Baba v. Japan Travel Bureau Int'l, Inc., 111 F.3d 2, 5 (2d Cir. 1997) (dismissal appropriate where there is willful non-compliance with court order); Minotti v. Lensink, 895 F.2d 100, 103 (2d Cir. 1990) (willful disobedience of court orders, combined with warning of threat of dismissal, justified sanction of dismissal); Salahuddin, 782 F.2d at 1132 ("The sanction of dismissal should not be imposed under Rule 37 unless the failure to comply with a pretrial production order is

due to willfulness, bad faith, or any fault of the deponent.") (internal quotation marks and citations omitted).

In the instant case, Plaintiff's non-compliance with Defendants' discovery requests has persisted for four months. Moreover, he has failed to comply with this Court's Order for a period of two months. There can be little question that Plaintiff's disobedience is willful; he has offered no explanation for his conduct. Finally, Plaintiff was warned of the possibility of dismissal of the action if he failed to comply with the Court's discovery Order. Accordingly, dismissal of his claims under Rule 37(b) is appropriate.

The same conclusion follows under Rule 41(b). The factors relevant to a dismissal for failure to prosecute are: (1) the duration of the plaintiff's failures; (2) whether the plaintiff has received notice that further delays would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay; (4) whether an appropriate balance has been struck between alleviating court congestion and a party's right to due process and a fair chance to be heard; and (5) the efficacy of lesser sanctions. See Martens v. Thomann, 273 F.3d 159, 179-80 (2d Cir. 2001); Shannon v. Gen. Elec. Co., 186 F.3d 186, 193-94 (2d Cir. 1999); Selletti v. Carey, 173 F.3d 104, 111 (2d Cir. 1999); Valentin, 121 F.3d at 76.

As discussed, Plaintiff has failed to comply with Defendants'

discovery requests for four months, and has been in disobedience of this Court's Order for two months. That Order explicitly advised Plaintiff that the action would be dismissed if he failed to comply. Plaintiff has offered no excuse for his disobedience, and has simply ignored the Order and the litigation entirely. Finally, in light of Plaintiffs' complete abandonment of the case, it is apparent that any lesser sanction would be ineffective and meaningless.

Accordingly, dismissal under Rule 41(b), for failure to prosecute, is fully justified.

**CONCLUSION**

For the reasons set forth above, this Court respectfully recommends that the Complaint be dismissed with prejudice, pursuant to Rules 37(b)(2)(c) and 41(b) of the Federal Rules of Civil Procedure.

Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule 72 of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6(a) and (e). Such objections shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of the Honorable Laura T. Swain, United States District Judge, and to the chambers of the undersigned, Room 1660. Any requests for an extension of time for filing objections must be directed to Judge Swain. Failure to file objections will result in

a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993), cert. denied, 513 U.S. 812, 115 S. Ct. 86 (1994); Frank v. Johnson, 968 F. 2d 298, 300 (2d Cir.), cert. denied, 506 U.S. 1038, 113 S. Ct. 825 (1992); Small v. Sec'y of Health and Human Servs., 892 F.2d 15, 16 (2d Cir. 1989).

_____
Theodore H. Katz
United States Magistrate Judge

Dated: October 15, 2007
       New York, New York


Copies mailed to:

Aaron Stone
2007-00144
Orange County Jail
110 Wells Farm Road
Goshen, New York 10924

David Posner, Esq.
McCabe & Mack LLP
63 Washington Street
P.O. Box 500
Poughkeepsie, New York 12602